UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA-RIVAS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 5:18-cv-02678-DOC-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

Sergio Garcia-Rivas ("Petitioner"), a federal prisoner proceeding pro se, filed a "motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2241[.]" (Dkt. 1 ["Petition"] at 1.)[1] Petitioner admits that he has filed a prior motion challenging his sentence under 28 U.S.C. § 2255. As discussed further below, the Court directs Petitioner to explain why the Petition should not be dismissed as an unauthorized second-or-successive motion under § 2255.

---

[1] All page citations to district court filings refer to the pagination imposed by the federal courts' electronic filing system, CM/ECF. When quoting directly from Petitioner's pro se filings, the Court has amended spelling errors where Petitioner's meaning is clear.

1

# I.
# BACKGROUND

Petitioner was indicted in the U.S. District Court for the Western District of Oklahoma ("the Sentencing Court") on 11 counts related to his alleged participation in a drug-trafficking conspiracy. United States v. Garcia-Rivas, No. 5:12-cr-00247-R-1 (W. D. Okla. Oct. 17, 2012), Dkt. 122 (indictment). Petitioner pled guilty, pursuant to a plea agreement, to one count of distribution of methamphetamine and was sentenced to 180 months; judgment was entered on May 8, 2014. Id., Dkt. 273 (judgment). Petitioner did not file a direct appeal.

Petitioner admits that he has filed a prior motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Pet. at 1 ["Petitioner … filed his primary 28 U.S.C. § 2255 alleging that the district court committed error when determining that the offense level of the case, i.e., drug quantity was overrepresented."]). The Sentencing Court denied that motion in March 2016. Garcia-Rivas, No. 5:12-cr-00247-R-1, Dkt. 309. Petitioner challenged this denial in the U.S. Court of Appeal for the Tenth Circuit, and on November 1, 2016, the Tenth Circuit denied him a certificate of appealability ("COA"). United States v. Garcia-Rivas, 669 F. App'x 960, 961-62 (10th Cir. 2016).[2]

# II.
# CLAIMS RAISED IN CURRENT PETITION

Petitioner is currently housed at the Federal Correctional Institution ("FCI") in Victorville, California, which is in the Central District of California. (Pet. at 1.) See also Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmate loc/. His current Petition argues that the Sentencing Court "committed error when

---

[2] Petitioner also filed several other unsuccessful post-conviction motions in the Sentencing Court. Garcia-Rivas, No. 5:12-cr-00247-R-1, Dkt. 284, 334, 337, 338, 346.

determining that the offense level of the case, i.e., drug quantity was overrepresented." (Pet. at 2.) Petitioner argues that the Sentencing Court "erred when determining that he is to be held accountable [for] 900 grams [i.e., about 2 pounds] of methamphetamine." (Pet. at 5.) Petitioner explains:

> The [Sentencing Court] overruled the probation officer's PSI recommendation … [B]ased on the stipulation of the plea agreement the [Sentencing Court] adopted that [Petitioner] pled guilty to the drug quantity of two pounds. … [A]t sentencing [Petitioner] objected to the two pounds and advised the [Sentencing Court] that counsel of record stated he "was" … pleading to 246.3 grams [i.e., about 0.5 pounds] of methamphetamine (actual). … [T]he [Sentencing Court] took into consideration such and accepted a downward departure because the drug quantity which is incorporated in the "Plea Agreement v. Plea Stipulation" diminishes substantively. …
>
> At face value the "Plea Agreement" states that [Petitioner] pled guilty to Count 12, which incorporates "only" 246.3 grams of methamphetamine and no more. …
>
> … The [Sentencing Court] should [have] sentenced [Petitioner] to offense level 32 instead of departing downward and sentencing him to offense level 34 minus 3 levels for accepting responsibility.
>
> …. Considering such, [Petitioner's] sentencing range would thus be 121 months to 151 months.

(Pet. at 2-3.)

Petitioner argues that the Tenth Circuit should have granted him a COA. (Pet. at 4 [citing 28 U.S.C. § 2253 and <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003) and arguing he has made "a substantial showing of the denial of a constitutional right"].) He asks that this Court "issue an order granting that this case be subject to remand to the District Court," i.e., the Sentencing Court. (<u>Id.</u> at

8.)

## III.
## LEGAL STANDARD

A habeas petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.[3] These rules may be applied to petitions filed under § 2241. Habeas Rule 1(b).

28 U.S.C. § 2255 provides that a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the ground that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…." 28 U.S.C. § 2255(a). Generally, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011).

Federal prisoners are generally limited to one petition under § 2255. In order to file a second or successive § 2255 motion, the petitioner must obtain a certificate from a U.S. Circuit Court of Appeal finding that the new motion contains:

 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on

---

[3] Citations to the "Habeas Rules" refer to the Rules Governing §§ 2254 and 2255 Cases in the United States District Courts. These rules are available online at: https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf.

  collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); <u>see also</u> <u>United States v. Buenrostro</u>, 638 F.3d 720, 726 (9th Cir. 2011) (prisoner who did not offer newly discovery evidence proving his innocence or rely on a new rule of constitutional law could not bring a successive motion under § 2255).

  Under § 2255(e), however, a federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of his detention." <u>Alaimalo</u>, 645 F.3d at 1046. "This is called the 'savings clause' or 'escape hatch' of § 2255." <u>Id.</u> at 1047. "A [§ 2241] petition meets the escape hatch criteria where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." <u>Id.</u> (citation omitted).

  "To establish actual innocence for purposes of habeas relief, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" <u>Id.</u> (quoting <u>Stephens</u>, 464 F.3d at 898). "A petitioner is actually innocent where he was convicted for conduct not prohibited by law." <u>Id.</u> In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." <u>Id.</u> at 1047.

  A habeas petitioner "may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241…." <u>Moore v. Reno</u>, 185 F.3d 1054, 1005 (9th Cir. 1999). "Petitioner's remedy under § 2255 is not rendered inadequate or ineffective [for purposes of the "escape hatch" in § 2255(e)] because his previous collateral attacks have been unsuccessful or because he cannot meet the strict procedural requirements for filing a successive

§ 2255 petition." Fisher v. Schultz, No. 15-00388, 2005 U.S. Dist. LEXIS 49028 at *7, 2005 WL 1554639 at *3 (E.D. Cal. June 27, 2005). "Similarly, § 2255 is not inadequate or ineffective merely because a particular petitioner's § 2255 motion is procedurally barred" or "because a petitioner misses the statute of limitations." Id.

## IV.
## DISCUSSION

As described above in the Background section, Petitioner has previously filed at least one motion under § 2255 in the Sentencing Court that challenged the same sentence challenged in his present Petition. (See also Pet. at 2, admitting that Petitioner filed "his primary 28 U.S.C. § 2255 [motion] alleging that the district court committed error when determining that the offense level of the case, i.e., drug quantity was overrepresented"). He does not allege that he has obtained the necessary permission to file a second-or-successive § 2255 motion from the Tenth Circuit, however, and a second § 2255 motion, even if authorized, would need to be filed in the Sentencing Court. See 28 U.S.C. § 2255(a) (providing that a prisoner may move "the court which imposed [his] sentence").

Petitioner is attempting to proceed under § 2241. (Pet. at 2.) If he can properly do so, venue is proper in this Court (the custodial court) rather than in the Sentencing Court. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[T]he proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court … even if the § 2241 petition contests the legality of a sentence by falling under the savings clause."); (Pet. at 1, stating Petitioner is confined at FCI Victorville); 28 U.S.C. § 84(c) (San Bernardino County is in the Central District); https://www.bop.gov/locations/institutions/vim/ (FCI Victorville is in San Bernardino County).[4]

---

[4] The Court takes judicial notice of the fact that FCI Victorville is in the

In order to proceed under § 2241, however, Petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. See 28 U.S.C. § 2255(e); Alaimalo, 645 F.3d at 1046-47. His current allegations do not meet this test. First, the Petition does contend that he is actually innocent of the underlying charge, to which he states he pled guilty. The Petition merely argues that he is entitled to a shorter sentence. Second, it appears that his prior § 2255 motion raised similar (if not identical) arguments to his current § 2241 motion. See Garcia-Rivas, 669 F. App'x at 961-62 (Tenth Circuit order denying Petitioner a COA, rejecting Petitioner's argument that "the district court erred in determining his guidelines offense level by attributing to him two pounds of methamphetamine rather than only the 246.3 grams to which he pleaded guilty"). Thus, it appears that he had an unobstructed procedural shot at presenting his claim.

Because Petitioner currently makes no attempt to explain how or why he meets the "escape hatch" criteria, however, the Court will give Petitioner an opportunity to address this issue.

//
//
//
//
//
//
//
//
//
//

---

Central District of California. See Fed. R. Evid. 201.

## V.
## CONCLUSION

IT IS HEREBY ORDERED that, **within thirty (30) days of the date of this Order**, Petitioner shall file a written response to this Order to Show Cause that explains why Petitioner believes this Court should not dismiss his Petition as an unauthorized second-or-successive § 2255 motion.

Alternatively, Petitioner may voluntarily dismiss the Petition. The Clerk is directed to provide Petitioner with the voluntary dismissal form.

DATED: February 07, 2019

_____
KAREN E. SCOTT
United States Magistrate Judge