UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GARCIA-RIVAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 5:18-cv-02678-DOC-KES<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

## I.
## BACKGROUND

Sergio Garcia-Rivas ("Petitioner") was indicted in the U.S. District Court for the Western District of Oklahoma ("the Sentencing Court") on 11 counts related to his participation in a drug-trafficking conspiracy. United States v. Garcia-Rivas, No. 5:12-cr-00247-R-1 (W. D. Okla. Oct. 17, 2012), Dkt. 122 (indictment). He pled guilty, pursuant to a plea agreement, to one count of distribution of methamphetamine and was sentenced to 180 months. Judgment was entered on May 8, 2014. Id., Dkt. 273 (judgment). Petitioner did not file a direct appeal.

Petitioner admits that he has filed a prior motion to vacate, set aside, or

correct his sentence under 28 U.S.C. § 2255 in the Sentencing Court. (See Dkt. 1, "Petition" at 1, stating that "Petitioner … filed his primary 28 U.S.C. § 2255 alleging that the district court committed error when determining that the offense level of the case, i.e., drug quantity was overrepresented").[1] The Sentencing Court denied that § 2255 motion in March 2016. Garcia-Rivas, No. 5:12-cr-00247-R-1, Dkt. 309. Petitioner challenged this denial in the U.S. Court of Appeal for the Tenth Circuit, and the Tenth Circuit denied him a certificate of appealability ("COA") on November 1, 2016. United States v. Garcia-Rivas, 669 F. App'x 960, 961-62 (10th Cir. 2016). Petitioner also filed several other unsuccessful post-conviction motions in the Sentencing Court. Garcia-Rivas, No. 5:12-cr-00247-R-1, Dkt. 284, 334, 337, 338, 346.

In December 2018, Petitioner filed a pro se "motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2241" in this Court. (Pet. at 1.) The Magistrate Judge issued an Order to Show Cause ("OSC") directing Petitioner to explain why the Petition should not be dismissed as an unauthorized second or successive motion under § 2255. (Dkt. 4.) Petitioner has now responded to the OSC. (Dkt. 5, "Response to OSC".)

## II.

## LEGAL STANDARD

A habeas petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.[2] These rules may be applied to petitions filed

---

[1] All page citations to district court filings refer to the pagination imposed by the federal courts' electronic filing system, CM/ECF. When quoting directly from Petitioner's pro se filings, the Court has amended spelling and grammatical errors where Petitioner's meaning is clear.

[2] Rules Governing §§ 2254 and 2255 Cases in the United States District Courts, https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-

2

under § 2241. Habeas Rule 1(b).

28 U.S.C. § 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the ground that the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…." 28 U.S.C. § 2255(a). Generally, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). Federal prisoners are also generally limited to one motion under § 2255. In order to file a second or successive § 2255 motion, the petitioner must obtain a certificate from a U.S. Circuit Court of Appeal pursuant to 28 U.S.C. § 2255(h). United States v. Buenrostro, 638 F.3d 720, 726 (9th Cir. 2011).

Under § 2255(e), however, a federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "This is called the 'savings clause' or 'escape hatch' of § 2255." Alaimalo, 645 F.3d at 1047. "A [§ 2241] petition meets the escape hatch criteria where a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Id. at 1046 (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)).

"To establish actual innocence for purposes of habeas relief, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Stephens, 464 F.3d at 898). "A petitioner is actually innocent where he was convicted for conduct not prohibited by law." Id. In considering whether the petitioner had an unobstructed

and-section-2255-proceedings.pdf.

3

procedural shot at presenting his claim, courts consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Id. at 1047. "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

A habeas petitioner "may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241…." Moore v. Reno, 185 F.3d 1054, 1005 (9th Cir. 1999). "Petitioner's remedy under § 2255 is not rendered inadequate or ineffective [for purposes of the § 2255(e) escape hatch] because his previous collateral attacks have been unsuccessful or because he cannot meet the strict procedural requirements for filing a successive § 2255 petition." Fisher v. Schultz, No. 15-00388, 2005 U.S. Dist. LEXIS 49028 at *7, 2005 WL 1554639 at *3 (E.D. Cal. June 27, 2005). "Similarly, § 2255 is not inadequate or ineffective merely because a particular petitioner's § 2255 motion is procedurally barred" or "because a petitioner misses the statute of limitations." Id.

## III.
## CLAIMS RAISED IN CURRENT PETITION

Petitioner is currently housed at the Federal Correctional Institution ("FCI") in Victorville, California, which is in the Central District of California. (Pet. at 1.) See also Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmate loc/. His current Petition argues that the Sentencing Court "committed error when determining that the offense level of the case" because it "erred when determining that he is to be held accountable [for] 900 grams [i.e., about 2 pounds] of methamphetamine." (Pet. at 2, 5.) Petitioner explains:

> The [Sentencing Court] overruled the probation officer's PSI
> recommendation … [B]ased on the stipulation of the plea agreement

the [Sentencing Court] adopted that [Petitioner] pled guilty to the drug quantity of two pounds. … [A]t sentencing [Petitioner] objected to the two pounds and advised the [Sentencing Court] that counsel of record stated he "was" … pleading to 246.3 grams [about 0.5 pounds] of methamphetamine (actual). … [T]he [Sentencing Court] took into consideration such and accepted a downward departure because the drug quantity which is incorporated in the "Plea Agreement v. Plea Stipulation" diminishes substantively. …

    At face value the "Plea Agreement" states that [Petitioner] pled guilty to Count 12, which incorporates "only" 246.3 grams [about .5 pounds] of methamphetamine and no more. …

    … The [Sentencing Court] should [have] sentenced [Petitioner] to offense level 32 instead of departing downward and sentencing him to offense level 34 minus 3 levels for accepting responsibility.

    …. Considering such, [Petitioner's] sentencing range would thus be 121 months to 151 months.

(Pet. at 2-3.)

Petitioner argues that the Tenth Circuit should have granted him a COA. (Pet. at 4, citing 28 U.S.C. § 2253 and <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003), and arguing that he has made "a substantial showing of the denial of a constitutional right.") He asks that this Court "issue an order granting that this case be subject to remand to the District Court," i.e., the Sentencing Court. (<u>Id.</u> at 8.)

### IV.
### DISCUSSION

**A.** **<u>This Court's Jurisdiction.</u>**

"An inquiry into whether a § 2241 petition is proper … is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or

§ 2255." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). "[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court … even if the § 2241 petition contests the legality of a sentence by falling under the savings clause" of § 2255(e). Id. "On the other hand, § 2255 motions must be heard in the sentencing court…." Id. "Thus, in order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

In the present case, the sentencing court is the Western District of Oklahoma. This Court is the custodial court, because Petitioner is currently housed in Victorville, California, which is in the Central District of California. (Pet. at 1, stating Petitioner is confined in Victorville); https://www.bop.gov/locations/institutions/vim/ (Victorville is in San Bernardino County); 28 U.S.C. § 84(c) (San Bernardino County is in the Central District). Thus, to determine whether jurisdiction is proper, this Court must first determine whether the Petition was properly filed under § 2241.

**B.     The Petition Is Not Properly Filed Under § 2241 Because Petitioner Does Not Meet the Requirements of the § 2255(e) Escape Hatch.**

As described above in the Background section, Petitioner has previously filed at least one motion under § 2255 in the Sentencing Court that challenged the same sentence as his present Petition. (See Pet. at 2, admitting that Petitioner filed "his primary 28 U.S.C. § 2255 [motion] alleging that the district court committed error when determining that the offense level of the case, i.e., drug quantity was overrepresented"). Yet the Petition does not allege that he has obtained the necessary authorization to file a second or successive § 2255 motion from a U.S. Court of Appeal. Furthermore, a second § 2255 motion, even if authorized, would need to be filed in the Sentencing Court. See 28 U.S.C. § 2255(a) (providing that a prisoner may move "the court which imposed [his] sentence").

Instead, Petitioner is attempting to proceed under § 2241. (Pet. at 2.) In

order to do so, Petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. See 28 U.S.C. § 2255(e); Alaimalo, 645 F.3d at 1046-47. The allegations in the Petition and Response to the OSC do not meet this test.

First, the Petition does contend that Petitioner is actually innocent of distribution of methamphetamine, an offense to which he admits that he pled guilty. The Petition merely argues that he is entitled to a shorter sentence under the U.S. Sentencing Guidelines based on the amount of methamphetamine involved. See Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012) ("[A] petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." ).

Second, Petitioner's prior § 2255 motion raised similar (if not identical) arguments to his current § 2241 motion. In denying Petitioner a COA for that § 2255 motion, the Tenth Circuit explained:

> Defendant … reached a plea agreement with the government under which the government dismissed 10 counts and he pleaded guilty to one count of distributing 246.3 grams [about 0.5 pounds] of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The parties stipulated that for purposes of the Sentencing Guidelines he was accountable for two pounds of actual methamphetamine. …
>
> Defendant's § 2255 motion … maintains that the district court erred in determining his guidelines offense level by attributing to him two pounds of methamphetamine rather than only the 246.3 grams to which he pleaded guilty.
>
> Defendant's argument assumes that his offense level must be based only on the specific conduct for which he was convicted. But the sentencing court must also consider "relevant conduct." USSG § 1B1.3. "Relevant conduct" is the term used by the Sentencing

> Guidelines for the conduct of the defendant that is considered in setting offense levels. Under § 1B1.3 it includes all acts and omissions of a defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Id. "[I]n the case of a jointly undertaken criminal activity, [a defendant is accountable for] all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S. v. Dewberry, 790 F.3d 1022, 1034 (10th Cir. 2015); see U.S. v. Taylor, 97 F.3d 1360, 1362-63 (10th Cir. 1996) ("In calculating the quantity of drugs involved, the guidelines indicate that the sentencing court should include all relevant quantities of drugs, including 'quantities of drugs not specified in the count of conviction.'"). Relevant conduct may include alleged crimes that were not charged or that the defendant was acquitted of. See U.S. v. Alisuretove, 788 F.3d 1247, 1254-55 (10th Cir. 2015).
>
> Defendant relies on United States v. Burnett, 827 F.3d 1108, 1121 (D.C. Cir. 2016), which held that the district court erred by basing the defendant's sentence in part on conduct that occurred before he joined the conspiracy. But there was no such error here. Defendant stipulated in his plea agreement that two pounds of methamphetamine was attributable to him for sentencing purposes. That means he participated in conduct involving that quantity of the drug. Indeed, the presentence report recommended that he be held responsible for 44.09 kilograms of methamphetamine.

Garcia-Rivas, 669 F. App'x at 961-62. This analysis shows that Petitioner raised essentially the same claim in his prior § 2255 motion, which means Petitioner was not denied an unobstructed procedural shot at raising his claim.

The Magistrate Judge's OSC advised Petitioner of the relevant legal standard for filing a petition under § 2241 pursuant to the § 2255(e) escape hatch and instructed Petitioner to address these issues. (Dkt. 4.) Petitioner's Response to the OSC largely repeats merits arguments made in his initial Petition and does not demonstrate that Petitioner meets the escape hatch criteria. (See Response to OSC at 1-2, arguing that the Sentencing Court "fail[ed] to honor the original Plea Agreement for the 246.3 grams of actual methamphetamine, and not the fictional 900 grams imposed at sentencing").

Petitioner does attempt to address the second escape hatch requirement by arguing that he is "seeking an adjustment due to the change made by Amendment 782 [to the U.S. Sentencing Guidelines] retroactiveness … [u]nder § 3582(c)(2)." (Response to OSC at 2-3.) Yet Petitioner previously raised this claim in a motion before the Sentencing Court, which that court denied on the merits. Garcia-Rivas, No. 5:12-cr-00247-R, Dkt. 284 (motion seeking a sentence reduction based on § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines); Dkt. 294 (order denying relief, finding, "At [Petitioner's] sentencing, the undersigned made specific findings that the sentence imposed included a two-level reduction in anticipation of Amendment 782"). Thus, he has not demonstrated that he was denied an unobstructed procedural shot to raise this claim. Moreover, like his Petition, his Response to the OSC does not claim actual innocence.

**C.    Dismissal, Not Transfer, is Appropriate.**

As discussed above, because Petitioner's motion should be brought under § 2255 rather than § 2241, this Court lacks jurisdiction over the motion, which should instead be filed in the Sentencing Court, i.e., the Western District of Oklahoma.

This Court could transfer the Petition to the Sentencing Court under 28 U.S.C. § 1631, which provides: "Whenever a civil action is filed … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of

justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." The Ninth Circuit has explained that "[t]ransfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001).

Transferring the Petition is not appropriate in this case because the second and third conditions have not been met. Because Petitioner has filed at least one previous § 2255 motion and has not received permission from the Tenth Circuit to file a second or successive motion, the Western District of Oklahoma could not exercise jurisdiction over his petition. See generally United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain [the circuit court's] authorization [under § 2255(h)], the district court lacks jurisdiction to consider the second or successive application."); see, e.g., Jones v. Langford, No. 17-438-FMO-RAO, 2017 WL 3575705 at *6-8, 2017 U.S. Dist. LEXIS 131856 at *16-21 (C.D. Cal. July 10, 2017), R&R adopted, 2017 WL 3575217 (C.D. Cal. Aug. 17, 2017) (finding transfer inappropriate under similar circumstances).

//
//
//
//
//
//
//
//
//
//

# V.
# CONCLUSION

IT IS HEREBY ORDERED that the Petition is dismissed for lack of jurisdiction, because it is an unauthorized second or successive motion under 28 U.S.C. § 2255.

DATED: April 9, 2019

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge